Therese Lawrence
Plaintiff *in Propria Persona*
165 Village Circle Way #17
Manchester, NH 03102

## IN THE SUPERIOR COURT, HILLSBOROUGH COUNTY

## STATE OF NEW HAMPSHIRE

THERESE LAWRENCE

    PLAINTIFF

v.                                CASE NO. _____

WALGREENS

    DEFENDANT

_____/

### COUNT I – COMPLAINT FOR WRONGFUL TERMINATION

The plaintiff, Therese Lawrence, sues the defendant, WALGREENS, for wrongful termination of employment and alleges the following:

### JURISDICTION AND VENUE

The Superior Court has original jurisdiction over claims for wrongful termination for employment and related employment agreements.

The plaintiff resides in Hillsborough County, New Hampshire, and her mailing address is 165 Village Circle Way #17, Manchester, NH 03102.

The defendant is a resident in the state of New Hampshire, with its principal place of business in Hillsborough County at the address of 227 S. Main St., Manchester, New Hampshire.

The material facts for all times material to this complaint took place in Hillsborough County, New Hampshire.

## STATEMENTS OF FACT

On the date of December 11th, 2020, the plaintiff's employment was terminated without notice.

Beginning in October, 2020, the defendant has begun directing its employees to inform the plaintiff that she is required to wear a mask over her face as a condition of employment. The plaintiff let the management know about her pre-existing health condition and her religious beliefs, and further explained that she cannot breathe with anything covering her face.

On November 6th, 2020 the plaintiff was informed, by the manager, Alana, that she needed medical clearance from Sedgwick Legal Counsel and should fill out paperwork so they would have it on file. At this point, the district manager Steve was also present. Steve raised his voice to the plaintiff, spoke over her, interrupted her several times and also told her not to speak.  The plaintiff felt he was trying to intimidate her and harass her and she felt her job was being threatened, even though she tried to communicate that her challenge to the mask was a civil matter and a matter of medical choice since it is a medical device and she couldn't be forced to accept medical advice from her employer. Steve told the plaintiff that she has to leave the premises, but she is not fired and will receive pay for 4 hours.

On November 20th, 2020 the plaintiff was taken off the schedule at Walgreens and her login information had either been deleted or suspended. She was not able to log in to see her work schedule. On that day the plaintiff went to work, for her shift, as usual, despite not being able to see the schedule. She was told by the store manager, Alana, that she would not be allowed in the store. She did not tell the plaintiff that she was fired but handed her papers to file with corporate and told her "Good luck."

On December 4th, 2020, the plaintiff returned to work, after filing the required documents with corporate. She was again approached by Alanna and was told that she was

not allowed to work without a mask. The plaintiff let the defendant know that she was here to work, and to please not to harass her.

Before the plaintiff's shift ended, a Police Officer approached her in the store. He revealed that the District Manager Steve had instructed Store Manager Alanna to call the police to escort the plaintiff from the premises because she was not scheduled to work and because the Officer had been told that she was upset. The plaintiff let the officer know that she was not upset at all, and that her scheduled shift has always been Friday, that she has not been fired and that her manager asked her to work in the photo department. At the end of the plaintiff's shift Alana, the manager, said "Goodbye." and "See you on Friday."

The plaintiff returned back to work on December 11th, 2020 when she was told that if she did not wear a mask then she would be fired. The plaintiff responded that she would not be wearing a mask and asked if she was fired. The manager, Alana replied that they will be ending the plaintiff's employment today. The manager printed a paystub for 2 hours. She collected the plaintiff's name tag and card. She then processed her final pay at the register.

True and correct copies of written communications are attached as Exhibit A.

Plaintiff also submits the "Walgreen's Communicable Disease Policy" effective September 1, 2020 which outlines the official company policy for handling any employee with a communicable disease. It agrees with points plaintiff raised in her letters to Corporate. It expressly says that a medical examination is required before the company can assume someone has a communicable disease. A true and correct copy of this policy is attached as Exhibit C.

Each statement of the plaintiff's affidavit is incorporated herein.

## ALLEGATIONS

Plaintiff alleges the foregoing and incorporates each fact herein and further alleges as follows:

The plaintiff's employment was wrongfully terminated by the defendant for discriminatory reasons. Upon the defendant's change in the employment contract purportedly requiring the plaintiff to wear a mask while working, the defendant failed or refused to review or consider the plaintiff's medical history, medical needs or medical condition.

Beginning from the date the plaintiff was hired, she has been compensated for her labor and the services she has provided the defendant at regular intervals. Plaintiff had a reasonable expectation to continue working for the defendant. The defendant's termination of the plaintiff's employment was in violation of the employment contract and was made without notification or adequate notification to the plaintiff.

The conditions of plaintiff's employment with the defendant did not require the defendant to waive any of her rights.

The conditions of the plaintiff's employment with the defendant did not require the plaintiff to accept the defendant's medical advice.

The conditions of the plaintiff's employment with the defendant did not include terms that allowed the defendant to engage in the unlicensed practice of medicine and the defendant is not insured or otherwise indemnified for practicing medicine.

The conditions of the plaintiff's employment with the defendant did not include terms that made the defendant the plaintiff's physician or otherwise, require the plaintiff to act upon medical advice given by the defendant.

Plaintiff's employment was wrongfully terminated in retaliation for exercising her rights; specifically, the plaintiff has certain intangible private property rights which include the right to care for her own health and choose her own physician and health care practices while also avoiding habits and practices that she believes might ruin or risk her good health.

The plaintiff also has the intangible private property right to make all decisions that affect her health with informed consent; that is, plaintiff has a right to review all risk and benefit analyses and results from relevant clinical studies prior to making any decision to

adopt new practices regarding her health. The defendant refused to comply with the law and violated the plaintiff's property rights, specifically those enumerated under the state's Patient's Bill of Rights and informed consent.

Defendant is an employer and prohibited from firing or otherwise retaliating against employees, specifically the plaintiff, who report workplace safety violations or participate in investigations into such violations.

New conditions of employment violated the long-standing safety standards adopted by the Occupational Safety and Health Administration and involved the defendant's conduct which included imposing a medical intervention in violation of the law prohibiting the unlicensed practice of medicine.

Plaintiff's employment was wrongfully terminated in retaliation for reporting unsafe working conditions to the Occupational Safety and Health Administration.

Plaintiff's employment was also wrongfully terminated because the plaintiff refused to accept a medical intervention sought to be imposed by the defendant where such medical intervention was not permitted to be imposed by law by the defendant and violated the plaintiff's right to informed consent.

Plaintiff was wrongfully terminated because the defendant and its agents did not follow the procedures of "Walgreen's Communicable Disease Policy" which has been official company policy since September 1, 2020.   The policy states that in every case of an employee being suspected of having a communicable disease there must be an evidence-based diagnosis by a medical professional before any action is taken by the company.   Plaintiff never had a medical diagnosis of being infectious nor did plaintiff have a court order designating her as a "direct threat".   A true copy of the policy paper is attached as Exhibit C.

As a direct and proximate result of the defendant's actions, the plaintiff's employment was wrongfully terminated by the defendant.

,

The defendant's actions were willful and negligent. After plaintiff's objections and attempts to re-mediate the defendant on the law and her rights, the defendant continued violating the law and violating the plaintiff's rights as alleged herein.

The defendant did not act under color of law or claim of lawful authority. The defendant had no legal duty to require the plaintiff to undertake any medical intervention or the one purportedly requiring the plaintiff to wear a surgical mask or mask of any kind as a new condition of her employment.

The defendant was not acting under any authority of law or court order. Again, the defendant was under no legal duty to violate the law as alleged herein, and no authority or court order permitted the defendant to violate the law or violate the plaintiff's rights as alleged herein.

The plaintiff never waived any of her rights at any time.

No employee or agent of the defendant is licensed, competent or authorized to give medical advice, such as requiring employees, such as the plaintiff, to wear a mask, or submit to temperature or tissue testing.

Additionally, neither the defendant nor any of its employees or agents are insured or indemnified to collect vital statistics such as taking the temperatures or tissue samples.

Defendant has no authority to require the plaintiff to act upon its medical advice (by wearing masks) or disclosing her vital statistics (e.g. temperature), submitting to any medical examination or give tissue samples (e.g. testing) as a new condition of the plaintiff retaining her employment with the defendant.

The defendant is not authorized to violate the rights of the plaintiff, nor is the defendant required to break the law, or operate beyond its charter as a new condition of the plaintiff's employment that was never considered at the time he was hired.

Plaintiff demands a jury trial.

WHEREFORE plaintiff demands judgment against the defendant for wrongful termination together with costs and attorney fees and other relief as this court deems appropriate.

## COUNT II – LOST WAGES

The plaintiff, Therese Lawrence, sues the defendant, WALGREENS, for lost wages and alleges the following:

## JURISDICTION AND VENUE

The Superior Court has original jurisdiction over claims for wrongful termination for employment and related employment agreements.

The plaintiff resides in Hillsborough County, New Hampshire, and her mailing address is 165 Village Circle Way #17, Manchester, NH 03102.

The defendant is a resident in the state of New Hampshire, with its principal place of business in Hillsborough County at the address of 227 S. Main St., Manchester, New Hampshire.

The material facts for all times material to this complaint took place in Hillsborough County, New Hampshire.

## STATEMENTS OF FACT

The plaintiff's job title was "Designated Hitter" which includes cashier duties and working in the Photo Department and processing shipments as needed and she has been paid $12 per hour since April, 2019.

## ALLEGATIONS

Plaintiff re-alleges the foregoing and incorporates each fact herein and further alleges as follows;

It was an employment contract that commenced between the plaintiff and defendant on the date of March 31st, 2019 and continued without interruption until plaintiff's employment was terminated as alleged herein.

Plaintiff was wrongfully terminated on the date of December 11th, 2020 and based upon her rate of compensation, the plaintiff is entitled to lost wages in the approximate amount of $18,096 for the year, not including additional benefits which may be calculated by the court, plus interest as calculated by the laws of the state of New Hampshire.

The plaintiff's employment was wrongfully terminated by the defendant for discriminatory reasons. Upon defendant's change in the employment contract purportedly requiring the plaintiff to wear a mask while working, the defendant failed or refused to review or consider the plaintiff's medical history, medical needs or medical condition.

Beginning from the date the plaintiff was hired, she has been compensated for her labor and the services she has provided the defendant at regular intervals. Plaintiff had a reasonable expectation to continue working for the defendant. The defendant's termination of the plaintiff's employment was in violation of the employment contract and was made without notification or adequate notification to the plaintiff.

The conditions of plaintiff's employment with the defendant did not require the defendant to waive any of her rights.

The conditions of the plaintiff's employment with the defendant did not require the plaintiff to accept the defendant's medical advice.

The conditions of the plaintiff's employment with the defendant did not include terms that allowed the defendant to engage in the unlicensed practice of medicine and the defendant is not insured or otherwise indemnified for practicing medicine.

The conditions of the plaintiff's employment with the defendant did not include terms that made the defendant the plaintiff's physician or otherwise, require the plaintiff to act upon medical advice given by the defendant.

Plaintiff's employment was wrongfully terminated in retaliation for exercising her rights; specifically, the plaintiff has certain intangible private property rights which include the right to care for her own health and choose her own physician and health care practices while also avoiding habits and practices that she believes might ruin or risk her good health.

The plaintiff also has the intangible private property right to make decisions that affect her health with informed consent; that is, the plaintiff has a right to review all risk and benefit analyses and results from relevant clinical studies prior to making any decision to adopt new practices regarding her health. The defendant refused to comply with the law and violated the plaintiff's property rights, specifically those enumerated under the state's Patient's Bill of Rights and informed consent.

Defendant is an employer and prohibited from firing or otherwise retaliating against employees, specifically the plaintiff, who report workplace safety violations or participate in investigations into such violations.

New conditions of employment violated the long-standing safety standards adopted by the Occupational Safety and Health Administration and involved the defendant's conduct which included imposing a medical intervention in violation of the law prohibiting the unlicensed practice of medicine.

Plaintiff's employment was wrongfully terminated in retaliation for reporting unsafe working conditions to the Occupational Safety and Health Administration.

Plaintiff's employment was also wrongfully terminated because the plaintiff refused to accept a medical intervention sought to be imposed by the defendant where such medical intervention was not permitted to be imposed by law to be imposed by the defendant and violated the plaintiff's right to informed consent.

Plaintiff was wrongfully terminated because the defendant and its agents did not follow the procedures of "Walgreen's Communicable Disease Policy" which has been official company policy since September 1, 2020. The policy states that in every case of an employee being suspected of having a communicable disease there must be an evidence-based diagnosis by a medical professional before any action is taken by the

company.   Plaintiff never had a medical diagnosis of being infectious nor did plaintiff have a court order designating her as a "direct threat".   A true copy of the policy paper is attached as Exhibit C.

As a direct and proximate result of the defendant's actions, the plaintiff's employment was wrongfully terminated by the defendant.

The defendant's actions were willful and negligent. After plaintiff's objections and attempts to re-mediate the defendant on the law and her rights, the defendant continued violating the law and violating the plaintiff's rights as alleged herein.

The defendant did not act under color of law or claim of lawful authority. The defendant had no legal duty to require the plaintiff to undertake any medical intervention or the one purportedly requiring the plaintiff to wear a surgical mask or mask of any kind as a new condition of her employment.

The defendant was not acting under any authority of law or court order. Again, the defendant was under no legal duty to violate the law as alleged herein, and no authority or court order permitted the defendant to violate the law or violate the plaintiff's rights as alleged herein.

The plaintiff never waived any of her rights at any time.

No employee or agent of the defendant is licensed, competent or authorized to give medical advice, such as requiring employees, such as the plaintiff, to wear a mask, or submit to temperature or tissue testing.

Additionally, neither the defendant nor any of its employees or agents are insured or indemnified to collect vital statistics such as taking the temperatures or tissue samples.

Defendant has no authority to require the plaintiff to act upon its medical advice (by wearing masks) or disclosing her vital statistics (e.g. temperature), submitting to any medical examination or give tissue samples (e.g. testing) as a new condition of the plaintiff retaining her employment with the defendant.

The defendant is not authorized to violate the rights of the plaintiff, nor is the defendant required to break the law, or operate beyond its charter as a new condition of the plaintiff's employment that was never considered at the time he was hired.

Plaintiff demands a jury trial.

WHEREFORE plaintiff demands judgment against the defendant for lost wages as alleged herein, together with costs and attorney fees and other relief as this court deems appropriate.

## COUNT III – BREACH OF CONTRACT

The plaintiff, Therese Lawrence, sues the defendant, WALGREENS, for breach of contract and alleges the following:

## JURISDICTION AND VENUE

The Superior Court has original jurisdiction over claims for wrongful termination for employment and related employment agreements.

The plaintiff resides in Hillsborough County, New Hampshire, and her mailing address is 165 Village Circle Way #17, Manchester, NH 03102.

The defendant is a resident in the state of New Hampshire, with its principal place of business in Hillsborough County at the address of 227 S. Main St., Manchester, New Hampshire.

The material facts for all times material to this complaint took place in Hillsborough County, New Hampshire.

## STATEMENTS OF FACT

On the date of December 11th, 2020, the plaintiff's employment was wrongfully terminated by the defendant for discriminatory reasons.

## ALLEGATIONS

- 11 -

Plaintiff re-alleges the foregoing and incorporates each fact herein and further alleges as follows;

It was an employment contract that was commenced between the plaintiff and defendant on the date of March 31st, 2019 and continued without interruption until plaintiff's employment was terminated as alleged herein.

The plaintiff's job title was Designated Hitter and she was paid $12 per hour since April 2019.

Additionally, as part of the employment agreement, the plaintiff was trained to perform services such as cashiering, photo department, processing shipments, and pharmacy training at the address of 227 S. Main St., Manchester, New Hampshire, from the dates of March 31st, 2019 until her employment was terminated, although the agreement never changed and is still binding as of this date.

Furthermore, defendant violated its own internal policy called "Walgreen's Communicable Disease Policy" by firing the plaintiff who was never declared infectious by a doctor or a court order and defendant was duly apprised of this fact in writing. A true copy of the policy paper is attached as Exhibit C.

WHEREFORE plaintiff demands judgment against the defendant for breach of contract alleged herein, together with costs and attorney fees and other relief as this court deems appropriate.

## COUNT IV – BREACH OF IMPLIED CONTRACT

The plaintiff, Therese Lawrence, sues the defendant, WALGREENS, for breach of contract and alleges the following:

## JURISDICTION AND VENUE

The Superior Court has original jurisdiction over claims for wrongful termination for employment and related employment agreements.

The plaintiff resides in Hillsborough County, New Hampshire, and her mailing address is 165 Village Circle Way #17, Manchester, NH 03102.

The defendant is a resident in the state of New Hampshire, with its principal place of business in Hillsborough County at the address of 227 S. Main St., Manchester, New Hampshire.

The material facts for all times material to this complaint took place in Hillsborough County, New Hampshire.

## STATEMENTS OF FACT

On the date of December 11th, 2020, the plaintiff's employment was wrongfully terminated by the defendant for discriminatory reasons.

## ALLEGATIONS

Plaintiff re-alleges the foregoing and incorporates each fact herein and further alleges as follows:

It was an employment contract that commenced between the plaintiff and defendant on March 31st, 2019 and continued without interruption until plaintiff's employment was terminated as alleged herein, although the employment agreement has not changed and is still binding on both parties.

The plaintiff's job title was Designated Hitter and she was paid $12 per hour since April 2019.

Additionally, as part of the employment agreement, the plaintiff was trained to perform services such as cashiering, photo department, processing shipments, and pharmacy training at the address of 227 S. Main St., Manchester, New Hampshire, from the

dates of March 31st, 2019 until her employment was terminated, although the agreement never changed and is still binding as of this date.

Furthermore, defendant violated its own internal policy called "Walgreen's Communicable Disease Policy" by firing the plaintiff who was never declared infectious by a doctor or a court order and defendant was duly apprised of this fact in writing. A true copy of the policy paper is attached as Exhibit C.

WHEREFORE plaintiff demands judgment against the defendant for breach of the implied contract together with costs and attorney fees and other relief as this court deems appropriate.

DATED this _10_ day of June 2021.

Therese Lawrence,
Plaintiff in *propria persona*

JASMIN M VAZQUEZ
Notary Public - New Hampshire
My Commission Expires Mar 25, 2025

6/10/2021